**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

BRADLEY NEWELL, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

PERPAY, INC.,

        Defendant.

_____/

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Perpay, Inc. ("Perpay"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida. In support thereof, Perpay provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) as follows:

**JURISDICTIONAL STATEMENT**

1.    Plaintiff Bradley Newell ("Plaintiff"), individually and on behalf of others similarly situated, filed a putative class action in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida on or about April 29, 2022. True and correct copies of the complaint (the "Complaint") and any other process, pleadings, and orders that Plaintiff purportedly served on Perpay as of the date of the Notice of Removal are attached collectively as Exhibit A.

2. The Complaint asserts one count under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (the "TCPA"), (Compl. ¶¶ 43-50) and one count under the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA"). (Compl. ¶¶ 35-42.)

3. Because Plaintiff's TCPA claim arises under federal law, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372, 387 (2012) ("[T]he TCPA is a federal law that both creates the claim [plaintiff] has brought and supplies the substantive rules that will govern the case. . . . In the absence of direction from Congress . . . we apply the familiar default rule: Federal courts have § 1331 jurisdiction over claims that arise under federal law."); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (holding federal courts have original jurisdiction pursuant to 28 U.S.C. § 1331 over TCPA claims); *Speidel v. Am. Honda Fin. Corp.*, No. 14-cv-19, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("[T]he Court has federal question subject matter jurisdiction over Plaintiffs claims arising under the TCPA . . . .").

4. Additionally, this Court has supplemental jurisdiction over Plaintiff's FTSA claim. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, Plaintiff's FTSA claim arises out of the same alleged conduct underlying the TCPA claim. Therefore, this Court has supplemental jurisdiction over the FTSA claim. *See, e.g.*, *Speidel*, 2014 WL 820703 at *3 (exercising supplemental jurisdiction over the Florida Consumer Collection Practices Act claim because that state law claim and the TCPA claim "are a part of the same case or controversy as they all derive from the alleged debt collection practices of the Defendant").

5. Because this Court has original subject matter jurisdiction and supplemental jurisdiction over this action, Perpay may remove this action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

## PROCEDURAL STATEMENT

6. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on Perpay as of the date of the Notice of Removal are attached as **Exhibit A**.

7. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6, the original Notice of Removal was timely filed within 30 days of Plaintiff's purported service on Perpay on May 9, 2022.

8. Pursuant to 28 U.S.C. § 1441(b)(2), Perpay may remove this action without regard to its citizenship because this Court has federal question jurisdiction under 28 U.S.C. § 1331, meaning the Court's jurisdiction is not based "solely on . . . . jurisdiction under section 1332(a)." Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Southern District of Florida is proper because it embraces the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where this action was pending before it was removed. *See* 28 U.S.C. § 89(c).

10. By removing the action to this Court, Perpay does not waive any defenses that are available to it under state or federal law. Perpay expressly reserves all threshold defenses to this action and its right, for example, to move to compel individual arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to move to dismiss or for the entry of judgment pursuant to Fed. R. Civ. P. 12 and 56, and to strike the class allegations or oppose the certification of any putative class pursuant to Fed. R. Civ. P. 23.

## NOTICE

Pursuant to 28 U.S.C. § 1446(d), Perpay will promptly file a copy of this Notice of Removal in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and will give Plaintiff written notice of its filing.

## CONCLUSION

WHEREFORE, for the foregoing reasons, removal is proper pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and Perpay respectfully requests that this action, previously pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, proceed as if this case had been originally initiated in the United States District Court for the Southern District of Florida.

Respectfully submitted,

**AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP**

By: s/ *Daniel O. Mena*
Daniel O. Mena
Florida Bar No. 59579
Martha R. Mora
Florida Bar No. 648205
Email: dmena@avilalaw.com
         mmora@avilalaw.com
2525 Ponce de Leon Boulevard
Penthouse 12th Floor
Coral Gables, FL  33134
Telephone:  (305) 779-3560
Facsimile:  (305) 779-3561

**SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP**
Meredith C. Slawe
(*Pro Hac Vice Admission* forthcoming)
Michael W. McTigue, Jr.

(*Of Counsel*)
Email: meredith.slawe@skadden.com
           michael.mctigue@skadden.com
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000

Mayra Aguilera
(*Pro Hac Vice Admission* forthcoming)
Email:  mayra.aguilera@skadden.com
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of May, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

                                            */s/ Daniel O. Mena*
                                              Daniel O. Mena

## SERVICE LIST

*Attorneys for Plaintiff*

Andrew J. Shamis
Florida Bar No. 101754
Garrett O. Berg
Florida Bar No. 1000427
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
Email:  ashamis@shamisgentile.com
          gberg@shamisgentile.com


Scott Edelsberg
Florida Bar No. 0100537
Christopher Gold
Florida Bar No. 088733
EDELSBERG LAW, P.A.
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct:  (305) 975-3320
Fax:     (786) 623-0915
Email:  scott@edelsberglaw.com
          chris@edelsberglaw.com